UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS E. SMITH,

    Plaintiff,

v.

STATE OF MICHIGAN
ATTORNEY GENERAL DANA NESSEL,
MICHIGAN STATE POLICE, and
MICHIGAN DEPARTMENT OF
CORRECTIONS,

    Defendants.

Case No.:

Hon.

_____/

Daniel W. White (P27738)
Alan M. Curtis (P81762)
WHITE, WOJDA and CURTIS
Attorneys for Plaintiff
313 N. Second Ave.
Alpena, MI 49707
(989) 354-4104
dwwhite@dwwhitelaw.com
amcurtis@dwwhitelaw.com

_____/

## COMPLAINT

NOW COMES PLAINTIFF, THOMAS EARL SMITH, by and through his attorneys, WHITE, WOJDA and CURTIS, and for his COMPLAINT, states as follows:

**PARTIES, VENUE AND JURISDICTION**

1. Plaintiff THOMAS EARL SMITH is a resident of Lachine, County of Alpena, State of Michigan.

2. Defendant STATE OF MICHIGAN ATTORNEY GENERAL DANA NESSEL enforces laws throughout the state of Michigan, including Alpena County, Michigan.

3. Defendant MICHIGAN STATE POLICE, is a state-wide government entity tasked with maintaining the state sex offender registry and database; it does business in all counties, including Alpena County, Michigan, and is subject to the jurisdiction of this court.

4. Defendant MICHIGAN DEPARTMENT OF CORRECTIONS, is a state-wide government entity that classifies and implements procedural aspects of a defendant's sentence; it does business in all counties, including Alpena County, Michigan, and is subject to the jurisdiction of this court.

5. Jurisdiction for the causes of action contained herein that arise under Michigan law is proper under MCL 600.1629, as the injury underlying this Complaint occurred in Alpena County, and all Defendants are either located in or conduct business in Alpena County.

6. Jurisdiction for the causes of action contained herein that arise under 42 USC § 1983 is proper under *Haywood v Drown*, 556 US 729, 731 (2009). *See also Patsy v Board of Regents of Florida*, 457 US 496, 506-07 (1982); *Maine v Thiboutot,* 448 US 1, 3 n1 (1980).

## FACTUAL ALLEGATIONS

7. Plaintiff was arrested on October 2, 1993 and charged with two Counts: (1) Criminal Sexual Conduct ("CSC") 1st Degree (During a Felony) and (2) Breaking and Entering Occupied Dwelling with Intent to Commit Larceny.

8. Plaintiff waived his Preliminary Examination on December 16, 1993; his Arraignment was scheduled for January 4, 1994.

9. On December 31, 1993, the People filed an Amended Felony Information and added Count 3 – CSC 4th Degree and Count 4 – Breaking and Entering Occupied Dwelling with Intent to Commit Larceny.

10. On January 4, 1994, Plaintiff pled guilty to added Count 3 – CSC 4th Degree and entered a nolo contendere plea to added Count 4 – Breaking and Entering Occupied Dwelling with Intent to Commit Larceny.

11. Plaintiff's Sentencing Hearing was scheduled for February 7, 1994, and on that date, Plaintiff was sentenced on Counts 3 and 4 to five-years of probation with the first year being served in the county jail.

12. On March 14, 1994, the Court granted the Order of Nolle Prosequi regarding Counts 1 and 2.

13. On November 17, 1995, Circuit Court Judge Joseph P. Swallow entered an Order Amending Probation that required Plaintiff to register as a sex offender pursuant to the Sex Offender Registration Act ("SORA") due to his plea to the offense of CSC 4th Degree.

14. On August 4, 1997, Plaintiff was successfully discharged from probation for the offenses of CSC 4th Degree and Breaking and Entering with Intent to Commit Larceny.

15. At some point in time, unknown to Plaintiff, his conviction of CSC 4th Degree was erroneously recorded as a CSC 1st Degree for purposes of registration on the Sex Offender Registry ("Registry").

16. In 2011, the Michigan Legislature amended SORA to create a tier-based system which determined, among other things, the length of an offender's period of required registration ("Amendment").

17. The amended act went into effect on April 12, 2011.

18. The legislature clearly intended for the Amendment to be applied retroactively as is evident from the language of the amended statute.

3

19. The statute mandates that "[n]o later than July 1, 2011, the department shall mail a notice to each individual registered under this act who is not in a state correctional facility explaining the individual's duties under this act as amended." (2011 MI SB 188, Sec. 5a(1)).

20. Moreover, the legislature's intent for the Amendment to be applied retroactively is evident by the fact that the statute has been consistently applied retroactively to defendants throughout the State of Michigan, unless the application would impose a harsher penalty.

21. In *Doe v. Snyder*, 834 F.3d 696 (2016), the Sixth Circuit Court of Appeals found that the retroactive application of the Amendment violated some defendants' rights, as it increased the length of time that a defendant had to register pursuant to SORA from twenty-five years to a lifetime requirement; the increase in time was held to be criminal punishment.

22. The Amendment created entirely new definitions, as it added "Tier I offense", "Tier II offense", and "Tier III offense." (2011 MI SB 188, Sec. 2).

23. A Tier I offense includes "a violation of section 520e or 520g(2) of the Michigan penal code, 1931 PA 328, MCL 750.520e and 750.520g, if the victim is 18 years or older." 2011 MI SB 188, Sec. 2(s)(iv). Plaintiff, who pled guilty to CSC 4th Degree, should have been classified as Tier I.

24. The Amendment requires that a Tier I offender "shall comply with this section for 15 years." 2011 MI SB 188, Sec. 5(10).

25. Pursuant to the Amendment, a Tier III offense includes CSC 1st Degree. 2011 MI SB 188, Sec. 2(w)(iv). A Tier III offender is required to register for his lifetime. 2011 MI SB 188, Sec. 5(12).

26. On April 12, 2011, when the tier-based system went into effect, Plaintiff should have been relieved of all SORA requirements. The amended portion of SORA changed the registry requirement from twenty-five years down to fifteen-years. This modification of registration requirements should have been applied to Plaintiff, as it was the legislative intent to apply the statute retroactively.

27. The Amendment, as applied to Plaintiff, is not unconstitutional because it does not impose a new criminal punishment. Plaintiff had pled guilty to CSC 4th Degree, which should have resulted in a fifteen-year registry requirement under the 2011 amendments. Accordingly, Plaintiff would have completed his requirement in November of 2010. However, the error resulted in Plaintiff being informed that he had to register for the rest of his life.

28. On April 12, 2018, Plaintiff was unlawfully arrested by the Michigan State Police and was detained until he posted bond on April 13, 2018 in Alpena County Circuit Court Case Number 18-008377 FH.

29. The improper increase in Plaintiff's SORA requirements allowed for him to be charged with one count of "Sex Offenders – Failure to Comply with Registration Act" and one count of "Sex Offenders – Failure to Comply with Reporting Duties."

30. Plaintiff has suffered physical, financial, emotional and fundamental losses due to the arrest and improper registry requirements.

**COUNT I**
**42 USC § 1983**
**Violation of the Fourth Amendment of the**
**United States Constitution**

31. Plaintiff incorporates all preceding allegations as though fully restated herein.

32. The Fourth Amendment to the United States Constitution provides as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

33. Defendants violated Plaintiff's Fourth Amendment rights by

    a. improperly requiring Plaintiff to register on the Registry for life,

    b. arresting Plaintiff for violating the improperly imposed restrictions resulting from registration, and

    c. prosecuting Plaintiff for the contrived violation.

34. Plaintiff suffered injury as a result of Defendants' violation of his Fourth Amendment rights in that Plaintiff was unjustly arrested, incarcerated for one day, lost out on employment opportunities, deprived of the freedom to live and travel as he chose, and he suffered undo social stigma.

WHEREFORE, Plaintiff requests the Court enter an order awarding him:

a. Damages in excess of $75,000;

b. His attorney fees incurred in pursuing this action; and

c. And any other relief it deems just and appropriate.

## COUNT II
## 42 USC § 1983
## Violation of the Fifth Amendment of the
## United States Constitution

35. Plaintiff incorporates all preceding allegations as though fully restated herein.

36. The Fifth Amendment to the United States Constitution provides as follows:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in

> jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

37. Defendants violated Plaintiff's Fifth Amendment rights by

    a. improperly requiring Plaintiff to register on the Registry for life,

    b. arresting Plaintiff for violating the improperly imposed restrictions resulting from registration, and

    c. prosecuting Plaintiff for the contrived violation.

38. Plaintiff suffered injury as a result of Defendants' violation of his Fifth Amendment rights in that Plaintiff was unjustly arrested, incarcerated for one day, lost out on employment opportunities, deprived of the freedom to live and travel as he chose, and he suffered undo social stigma.

WHEREFORE, Plaintiff requests the Court enter an order awarding him:

a. Damages in excess of $75,000;

b. His attorney fees incurred in pursuing this action;

c. And any other relief it deems just and appropriate.

### COUNT III
### 42 USC § 1983
### Violation of the Eighth Amendment of the
### United States Constitution

39. Plaintiff incorporates all preceding allegations as though fully restated herein.

40. The Eighth Amendment to the United States Constitution provides as follows:

    > Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

41. Defendants violated Plaintiff's Eighth Amendment rights by

    a. improperly requiring Plaintiff to register on the Registry for life,

7

    b. arresting Plaintiff for violating the improperly imposed restrictions resulting from registration, and

    c. prosecuting Plaintiff for the contrived violation.

42. Plaintiff suffered injury as a result of Defendants' violation of his Eighth Amendment rights in that Plaintiff was unjustly arrested, incarcerated for one day, lost out on employment opportunities, deprived of the freedom to live and travel as he chose, and he suffered undo social stigma.

WHEREFORE, Plaintiff requests the Court enter an order awarding him:

a. Damages in excess of $75,000;

b. His attorney fees incurred in pursuing this action;

c. And any other relief it deems just and appropriate.

## COUNT IV
## 42 USC § 1983
### Violation of Plaintiff's Procedural Due Process Rights Granted under the Fourteenth Amendment of the United States Constitution

43. Plaintiff incorporates all preceding allegations as though fully restated herein.

44. The due process clause of the Fourteenth Amendment to the United States Constitution provides as follows:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

45. Defendants violated Plaintiff's procedural due process rights by

    a. improperly requiring Plaintiff to register on the Registry for life,

   b. arresting Plaintiff for violating the improperly imposed restrictions resulting from registration, and

   c. prosecuting Plaintiff for the contrived violation.

46. Plaintiff suffered injury as a result of Defendants' violation of his procedural due process rights in that Plaintiff was unjustly arrested, incarcerated for one day, lost out on employment opportunities, deprived of the freedom to live and travel as he chose, and he suffered undo social stigma.

WHEREFORE, Plaintiff requests the Court enter an order awarding him:

   a. Damages in excess of $75,000;

   b. His attorney fees incurred in pursuing this action;

   c. And any other relief it deems just and appropriate.

## COUNT V
## 42 USC § 1983
### Violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution

47. Plaintiff incorporates all preceding allegations as though fully restated herein.

48. The due process clause of the Fourteenth Amendment to the United States Constitution provides as follows:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

49. Plaintiff was entitled to equal protection under the law, as compared to other similarly situated persons that were subject to registration under the Registry.

50. Where other similarly situation persons were removed from the registry after the respective amount of time had elapse, Plaintiff was not removed from the registry.

51. Defendants violated Plaintiff's right to equal protection by

    a. improperly requiring Plaintiff to register on the Registry for life,

    b. arresting Plaintiff for violating the improperly imposed restrictions resulting from registration, and

    c. prosecuting Plaintiff for the contrived violation.

52. Plaintiff suffered injury as a result of Defendants' violation of his right to equal protection in that Plaintiff was unjustly arrested, incarcerated for one day, lost out on employment opportunities, deprived of the freedom to live and travel as he chose, and he suffered undo social stigma.

WHEREFORE, Plaintiff requests the Court enter an order awarding him:

a. Damages in excess of $75,000;

b. His attorney fees incurred in pursuing this action;

c. And any other relief it deems just and appropriate.

### COUNT VI
### False Imprisonment

53. Plaintiff incorporates all preceding allegations as though fully restated herein.

54. Defendants acted in concert with an intent to confine Plaintiff.

55. Defendants took acts to confine Plaintiff, namely arresting him and placing him into police custody.

56. Plaintiff was fully aware of the confinement as it occurred.

57. Defendants did not have authority to arrest Plaintiff.

58. Plaintiff suffered injury as a result of Defendants acts of false imprisonment, in that Plaintiff was unjustly arrested, incarcerated for one day, lost out on employment opportunities, deprived of the freedom to live and travel as he chose, and he suffered undo social stigma.

WHEREFORE, Plaintiff requests the Court enter an order awarding him:

a. Damages in excess of $75,000;

b. His attorney fees incurred in pursuing this action;

c. And any other relief it deems just and appropriate.

## Count VII
## False Arrest

59. Plaintiff incorporates all preceding allegations as though fully restated herein.

60. Defendants acted in concert with an intent to detain Plaintiff.

61. Defendants took acts to detain Plaintiff, namely arresting him and placing him into police custody.

62. Plaintiff did not consent to being detained.

63. Defendants did not have authority to arrest Plaintiff.

64. Plaintiff suffered injury as a result of Defendants acts of false imprisonment, in that Plaintiff was unjustly arrested, incarcerated for one day, lost out on employment opportunities, deprived of the freedom to live and travel as he chose, and he suffered undo social stigma.

WHEREFORE, Plaintiff requests the Court enter an order awarding him:

a. Damages in excess of $75,000;

b. His attorney fees incurred in pursuing this action;

c. And any other relief it deems just and appropriate.

## Count VIII
## Negligence

65. Plaintiff incorporates all preceding allegations as though fully restated herein.

66. Defendants had a duty to exercise due care in administering SORA and the Registry.

67. Defendants breached this duty by improperly classifying Plaintiff within the registry, which lead to his unlawful arrest.

68. Plaintiff suffered injury as a result of Defendants acts of negligence, in that Plaintiff was unjustly arrested, incarcerated for one day, lost out on employment opportunities, deprived of the freedom to live and travel as he chose, and he suffered undo social stigma.

WHEREFORE, Plaintiff requests the Court enter an order awarding him:

a. Damages in excess of $75,000;

b. His attorney fees incurred in pursuing this action;

c. And any other relief it deems just and appropriate.

## Count IX
## Gross Negligence

69. Plaintiff incorporates all preceding allegations as though fully restated herein.

70. Defendants had a duty to exercise due care in administering SORA and the Registry.

71. Defendants breached this duty by improperly classifying Plaintiff within the registry, which lead to his unlawful arrest.

72. Defendants' breach of the duty was so egregious that it demonstrates a conscious disregard for the need to exercise reasonable care.

73. Plaintiff suffered injury as a result of Defendants acts of gross negligence, in that Plaintiff was unjustly arrested, incarcerated for one day, lost out on employment opportunities,

deprived of the freedom to live and travel as he chose, and he suffered undo social stigma.

WHEREFORE, Plaintiff requests the Court enter an order awarding him:

a. Damages in excess of $75,000;

b. His attorney fees incurred in pursuing this action;

c. And any other relief it deems just and appropriate.

Date: August 23, 2019

Respectfully Submitted,

WHITE, WOJDA and CURTIS

_____
Daniel W. White
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS E. SMITH,

    Plaintiff,

v.

                              Case No.:

STATE OF MICHIGAN
ATTORNEY GENERAL DANA NESSEL,    Hon.
MICHIGAN STATE POLICE, and
MICHIGAN DEPARTMENT OF
CORRECTIONS,

    Defendants.
_____/

Daniel W. White (P27738)
Alan M. Curtis (P81762)
WHITE, WOJDA and CURTIS
Attorneys for Plaintiff
313 N. Second Ave.
Alpena, MI 49707
(989) 354-4104
dwwhite@dwwhitelaw.com
amcurtis@dwwhitelaw.com
_____/

## DEMAND FOR JURY TRIAL

    NOW COMES Plaintiff Thomas E. Smith, by and through his attorneys, White, Wojda and Curtis, and hereby demands a jury trial in this matter.

                                                      Respectfully Submitted,

                                                      WHITE WOJDA and CURTIS

Date: August 23, 2019                          <u>/s/ Daniel W. White</u>
                                                    Daniel W. White P27738
                                                    Attorney for Plaintiff
                                                    313 N. Second Ave.
                                                    Alpena, MI 49707
                                                    (989) 354-4104